## NATIONAL SURETY CO. v. STALLO.

(City Court of New York, Trial Term. June 25, 1913.)

PRINCIPAL AND SURETY ⊜⇒57—GUARANTY AND INDEMNITY INSURANCE—LIABILITY.

Defendant agreed to pay premium on the execution of a surety bond and renewal premiums thereafter, until plaintiff surety company should be furnished with competent evidence of its discharge from liability on the bond, which also provided that plaintiff should have the right to be discharged from liability for defendant's further default and require him to account. Held, that defendant, not furnishing plaintiff any written legal proof of its discharge from liability, or showing the judicial settlement and allowance of his account, was liable for the stipulated premiums, notwithstanding the surety's proceeding under Code Civ. Proc. § 812, resulting in defendant's removal as administrator, and notwithstanding the surety's failure to initiate any proceedings necessary to judicially settle defendant's account, which it might have done, but was not required to do.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 101; Dec. Dig. ⊜⇒57.]

Action by the National Surety Company against E. K. Stallo. Judgment for plaintiff.

Lord, Day & Lord, of New York City, for plaintiff.
Rockwood & Haldane, of New York City, for defendant.

O'DWYER, C. J. Defendant agreed to pay $2,475 premium upon the execution of the bond and $1,650 annually thereafter in advance until the plaintiffs shall be furnished with competent written legal evidence of their discharge from liability under said bond. It is conceded that the plaintiffs continue liable for default, if any, of the defendant as administrator between the 21st day of April, 1910, when the bond in question was executed, and the 23d day of December, 1910, when the order revoking the appointment of the defendant as administrator was granted.

In order to escape the liability assumed the defendant must show that the plaintiffs have been furnished with competent written legal evidence of their discharge from liability under said bond, or that he has been released from such liability by the plaintiffs, either expressly or by some act on their part. Plaintiffs have not been furnished with written legal evidence of their discharge from liability, in that it is admitted that, although defendant filed his account on January 16, 1911, the same has never been judicially settled and allowed, and it is not contended that the plaintiffs have expressly released defendant from any obligation under his agreement. It follows, then, that the defendant is liable for the premiums in question, unless he can show some act on the part of the plaintiffs inconsistent with the written agreement which can be construed as a waiver by the plaintiffs of their rights thereunder. The only affirmative act of the plaintiffs has been the proceeding under section 812 of the Code, which resulted in the removal of the defendant as administrator. That act is not only not inconsistent with the written contract, but is within its express provisions and must have been contemplated by the parties. It is expressly provided that the plaintiffs at any time shall have the right to be discharged from liability for the further default of the defendant and to require him to account. It may be a hardship upon the defendant to have to pay these renewal premiums, but his failure to have the account filed, judicially settled, and allowed is the cause of his distress. It is true that the plaintiffs might have initiated the necessary proceedings, but they were not required so to do.

Judgment for the plaintiffs for the amount claimed, with interest and costs. Settle findings on one day's notice. Defendant granted 10 days' stay of execution and 60 days to make a case after notice of entry of judgment.